## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATASHA C., a minor, individually, and by her father, GERALD C., and GERALD C.,  individually | : : : : | CIVIL ACTION |
| vs.. | : : | |
| VISIONQUEST, LTD., VISIONQUEST NATIONAL, LTD, VISIONQUEST LODGEMAKERS, INC., VISIONQUEST NONPROFIT CORPORATION, and DARRELL STEACH, an individual and in his official capacity of an employee of VisionQuest | : : : : : : : : | NO.  03-1903 |

### ANSWER OF DEFENDANTS VISIONQUEST, LTD., VISIONQUEST NATIONAL, LTD., VISIONQUEST LODGEMAKERS, INC. AND VISIONQUEST NONPROFIT CORPORATION TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants VISIONQUEST, LTD., VISIONQUEST NATIONAL, LTD, VISIONQUEST LODGEMAKERS, INC., and VISIONQUEST NONPROFIT CORPORATION, by and through their counsel, MARGOLIS EDELSTEIN, hereby answer the plaintiffs' Complaint as follows:

1.      DENIED.   The contentions of the bases for plaintiffs' Complaint are denied as conclusions of law.   It is specifically denied that Answering Defendants were negligent, grossly negligent, negligently inflicted emotional distress on plaintiffs or otherwise violated any of the statutes indicated, or were guilty of willful misconduct, let alone a violation of the plaintiffs' civil rights.

2 .      ADMITTED, in part, DENIED, in part.  Natasha C. was adjudicated dependent and committed to the care, custody and control of Indiana County Children and Youth Services.  It is denied that Natasha C.  was committed to VisionQuest Madalyn Program.

3.      ADMITTED.

4.      DENIED.  It is believed and therefore averred that Natasha C., after consultation with her father, Gerald C., and  Indiana County Children and Youth Services, entered the VisionQuest Madalyn Program.

5.      ADMITTED.  Darrell Steach pled guilty to statutory rape of Natasha C. and has served prison time for his crime.

6.      ADMITTED, in part, DENIED, in part.   It is specifically denied that Steach utilized any position of authority or trust to lure Natasha C. to have sexual intercourse with him.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

7.      ADMITTED.

8.      ADMITTED.   Darrell Steach pled guilty to statutory rape of Natasha C.

9.      ADMITTED.

10 .     DENIED.   Insofar as these allegations presume the applicability of the Pennsylvania Mental Health Procedures Act, same are denied as conclusions of law.  It is further specifically averred that Answering Defendants appropriately trained and supervised their staff and had adequate and appropriate standards of care, policies and procedures in place.   Answering Defendants specifically deny the characterization of negligence, gross negligence or willful misconduct as conclusions of law.

11.      DENIED.   Insofar as these allegations presume the applicability of the Pennsylvania Mental Health Procedures Act, same are denied as conclusions of law.  It is further specifically averred that Answering Defendants appropriately trained and supervised their staff and had adequate and appropriate standards of care, policies and procedures in place.   Answering Defendants specifically deny the characterization of negligence, gross negligence or willful misconduct as conclusions of law.

12.     DENIED.   Insofar as these allegations presume the applicability of the Juvenile Act, same are denied as conclusions of law.   It is further specifically averred that Answering Defendants appropriately trained and supervised their staff and had adequate and appropriate standards of care, policies and procedures in place. Answering Defendants specifically deny the characterization of negligence, gross negligence or willful misconduct as conclusions of law.

13.     DENIED.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

14.     DENIED.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

15.     DENIED.   It is specifically denied that there were any violations of Natasha C.'s or her parents' rights by Answering Defendants.   Furthermore, prior to the incident in question, the Common Pleas Court of Indiana County had placed the primary responsibility for the care, custody and control of Natasha C. in the Indiana County Children and Youth Services organization.

16.     DENIED.   After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

17.     DENIED.   These allegations concerning jurisdiction include conclusions of law as to the applicability of the laws referred to, or the proper jurisdiction or venue of this action.

18.     ADMITTED.

19.     ADMITTED.

20.   DENIED.   Lodgemakers is a registered corporate fictitious name owned by VisionQuest Nonprofit Corporation.

21.   ADMITTED.

22.   ADMITTED.

23.   ADMITTED.

24.   DENIED.   It is specifically denied that any person unidentified in plaintiffs' Complaint was an employee, agent or servant of Answering Defendants until said person or persons are identified and Answering Defendants given a chance to admit or deny agency.   Furthermore, it is specifically denied that Defendants VisionQuest was an agent for Indiana County Children and Youth Services.

25.   DENIED, as a conclusion of law which requires no response.

26.   DENIED.   It is specifically denied that Darrell Steach was acting in the course and scope of his employment or agency when he committed the statutory rape of Natasha C.

27.   DENIED.   It is specifically denied that Darrell Steach was acting in the course and scope of his employment or agency when he committed the statutory rape of Natasha C.

28.   DENIED.   It is specifically denied that Darrell Steach was acting in the course and scope of his employment or agency when he committed the statutory rape of Natasha C.

29.   DENIED.   It is specifically denied that Darrell Steach was acting in the course and scope of his employment or agency when he committed the statutory rape of Natasha C.

30.   ADMITTED, in part, DENIED, in part.   It is specifically denied that Darrell Steach was acting in the course and scope of his employment or agency when he committed the statutory rape of Natasha C.  DENIED, as to conclusions of law of in loco parentis.

31.     ADMITTED, in part, DENIED, in part.   Natasha C. was adjudicated dependent and committed to the care, custody and control of Indiana County Children and Youth Services.   It is denied that Natasha C.  was committed to VisionQuest Madalyn Program.

32.     DENIED.  It is believed and therefore averred that Natasha C., after consultation with her father, Gerald C., and  Indiana County Children and Youth Services, entered the VisionQuest Madalyn Program.   It is denied that Natasha C. was committed to VisionQuest Madalyn Program.

33.     ADMITTED.

34.     ADMITTED, in part,  DENIED, in part.  It is denied that Natasha C.  was an "in-patient" who received  "in-patient" treatment.  Natasha C.'s court order specifies that she was placed  under the  Pennsylvania's Juvenile Act, not the Mental Health Procedures Act.  Natasha C.'s treatment and counseling were in accordance with Pennsylvania's Juvenile Act.

35.     ADMITTED.

36.     DENIED.   Natasha C. was originally placed into the care and custody of Indiana County Children and Youth Services on August 30, 2000 because her father's care, custody and control was found to be inadequate.  Natasha C. was not committed to the Madalyn Program.

37.     ADMITTED, in part, DENIED, in part.  Natasha C.  was not committed to the Madalyn Program.

38.     ADMITTED, in part, DENIED, in part.  Natasha C. was not committed  to the Madalyn Program.  It is admitted that the Answering Defendants had access to prior psychological evaluations, the contents of which speak for themselves.

39.     ADMITTED.

40.     ADMITTED, in part, DENIED, in part.  The goals and objectives were established both with and for Natasha C.  The Long Term Goals for family were: "Resolve conflict that exist between self,  father, and stepmother.  Determine a realistic direction of discharge.   Honestly address issues of abandonment by natural mother and explore reasons for a great deal of conflict with females.  Identify roots of anger regarding family problems."   The Long Term Goals for treatment issues were: "Eliminate tendency to run away from problems both physically and emotionally.  Learn positive coping skills.  Develop an effective relapse prevention plan to avoid further use of drugs and alcohol.  Gain control over feelings of depression, helplessness, and wanting to harm self and others.  Honestly acknowledge that certain changes must occur and be willing to make those changes."   Long Term Goals for behavior were: "Eliminate antisocial and out-of-control behaviors.   Manage feelings of anger appropriately.   Learn positive relaxation techniques to ease stress and frustration. Exhibit an acceptable level of respect for the rights, feelings, and needs of others. Interact appropriately with peers and adults.   Accept responsibility for own actions." Long Term Goals for community were:  "Eliminate association with negative peers. Increase level of self-esteem and sense of accomplishment.   Remain focused on achieving worthwhile goals and utilize talents in a positive manner.   Require positive leadership skills and cease being a follower of negative others.   Prove through actions, and not pseudo-intellectual dialogue, that you are as intelligent and gifted as you profess to be." Long Term Goals for Education were: "Return to public school."  Long Term Goals for Medical were: "Report all feelings of depression and self-harm to appropriate individuals (nursing staff, treatments staff, and  psychologist)  immediately. Communicate openly with medical staff and nursing staff about recurring insomnia and fluctuations in appetite.   Educate self on the psychological effects of drugs and alcohol on the mind and body, and how addictive traits are passed on from one generation to the next."

41.     DENIED.  The progress documents are extensive writings which speak for themselves.  The extent to which Natasha C. progressed and/or digressed cannot be accurately summarized in one sentence.

42.     ADMITTED, in part, DENIED, in part.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to form a belief with respect to the truth or falsity of the averments that, "In the early morning hours, Natasha was talking with the Nightwatch staff."

43.     DENIED.  The night watch staff consisted of a child care worker who worked according to the Nightwatch Procedures-Impact Camps, attached hereto as exhibit "A".

44.     ADMITTED, in part, DENIED, in part.  It is admitted that Darrell Steach pled guilty to statutory rape of Natasha C.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averment that the statutory rape was witnessed by another unidentified individual and the said averment is, therefore, denied.

45.     ADMITTED in part, DENIED in part.  It is admitted that after becoming aware of an allegation of sexual contact, Natasha C. was taken  to a local hospital for appropriate treatment.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief with respect to the specific treatment afforded Natasha C. while at the hospital.

46.     ADMITTED in part, DENIED in part.  After reasonable investigation, Answering Defendants are without knowledge or information concerning the statement that "a special relationship of the highest order was formed between minor Plaintiff and Defendants VisionQuest and its employees, servants and agents"  and, to the extent that said averment is factual, it is denied.  It is denied that minor Plaintiff was completely dependent upon Defendants for her well-being in every respect.  To the

contrary, as is set forth in the goals enumerated in answer to complaint paragraph 40, minor Plaintiff was encouraged to think for and care for herself with maturity.  It is denied that prior to her enrollment in the Madalyn Program minor plaintiff was a  "free agent" under the personal guidance of her father.   Pursuant to Court Order, minor plaintiff was under the care, custody and control of Indiana County Children and Youth Services rather than her father

.     47.     ADMITTED.

48.     DENIED.  Insofar as these allegations presume the applicability of the Pennsylvania Mental Health Procedures Act, same are denied as conclusions of law.  It is further specifically averred that Answering Defendants appropriately trained and supervised their staff and had adequate and appropriate standards of care, policies and procedures in place.   Answering Defendants specifically deny the allegations of negligence, gross negligence or willful misconduct.

49.     DENIED.   Insofar as these allegations presume the applicability of the Pennsylvania Mental Health Procedures Act, same are denied as conclusions of law.  It is further specifically averred that Answering Defendants appropriately trained and supervised  their staff and had adequate and appropriate standards of care, policies and procedures in place.  Answering Defendants specifically deny the allegations of negligence, gross negligence or willful misconduct.

50.     DENIED.  It is specifically averred that Answering Defendants adequately and appropriately provided training and supervision to their staff and had in place appropriate policies and procedures.  Furthermore, it is specifically denied that Answering Defendants denied Natasha C. her liberty or denied her father his fundamental rights as a parent.

51.     ADMITTED.

-- 8 --

52.     ADMITTED, in part, DENIED, in part.   Natasha C. was adjudicated dependent and committed to the care, custody and control of Indiana County Children and Youth Services.  It is denied that Natasha C.  was committed to VisionQuest Madalyn Program.

53.     DENIED.  It is  specifically averred that Answering Defendants appropriately trained and supervised their staff and had adequate and appropriate standards of care, policies and procedures in place.  Answering Defendants specifically deny the allegations of negligence, gross negligence or willful misconduct. It is further specifically denied that Answering Defendants violated the Juvenile Act, or otherwise denied the minor plaintiff her liberty or her father his rights as a parent.

54.     DENIED.  It is  specifically averred that Answering Defendants appropriately trained and supervised their staff and had adequate and appropriate standards of care, policies and procedures in place.  Answering Defendants specifically deny the allegations of negligence, gross negligence or willful misconduct. It is further specifically denied that Answering Defendants violated the Juvenile Act, or otherwise denied the minor plaintiff her liberty or her father his rights as a parent.

55.     DENIED.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

56.     DENIED.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of these averments.

57.     DENIED, as conclusions of law which require no response.  To the extent that factual averments may be pleaded, Answering Defendants incorporate herein by reference their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein.   It is specifically denied that Answering Defendants

negligently hired, supervised or retained any employees.   On the contrary, all necessary and appropriate background checks  were performed on Mr. Steach without any adverse information being obtained.  Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities would occur.  Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable laws, regulations, and standards of care.  Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

58.   DENIED.   It is specifically denied that Answering Defendants acted in a willful or grossly negligent manner, or otherwise violated plaintiffs' rights under the Pennsylvania Mental Health Procedures Act.  To the extent that factual averments may be pleaded, Answering Defendants incorporate herein by reference their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein. It is specifically denied that Answering Defendants negligently hired, supervised or retained any employees.  On the contrary, all necessary and appropriate background checks were performed on Mr. Steach without any adverse information being obtained. Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities would occur.   Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable laws, regulations, and standards of care. Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

59.    DENIED.   It is specifically denied that Answering Defendants violated plaintiffs' alleged rights under the Pennsylvania Juvenile Act as alleged.  To the extent that factual averments may be pleaded, Answering Defendants' incorporate herein by reference their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein.  It is specifically denied that Answering Defendants negligently hired, supervised or retained any employees.  On the contrary, all necessary and appropriate background checks  were performed on Mr. Steach without any adverse information being obtained.  Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities would occur.  Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable laws, regulations, and standards of care.  Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

60.    DENIED.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations of this paragraph and the same are, therefore, denied.  Darrell Steach's acts were done outside the course and scope of any employment or authority of Answering Defendants and are not imputable to Answering Defendants.  Answering Defendants incorporate herein by reference their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein.  It is specifically denied that Answering Defendants negligently hired, supervised or retained any employees.  On the contrary, all necessary and appropriate background checks were performed on Mr. Steach without any adverse information being obtained.  Additionally, no action during the course of his employment presented any reasonable notification that the

alleged activities would occur.  Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable laws, regulations, and standards of care.  Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

61.    DENIED.  After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations of this paragraph and the same are, therefore, denied.   Darrell Steach's acts were done outside the course and scope of any employment or authority of Answering Defendants and are not imputable to Answering Defendants.  Answering Defendants incorporate herein by reference their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein.  It is specifically denied that Answering Defendants negligently hired, supervised or retained any employees. On the contrary, all necessary and appropriate background checks were performed on Mr. Steach without any adverse information being obtained.  Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities  would occur.  Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable laws, regulations, and standards of care.  Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

62.    DENIED.  It is specifically denied that Answering Defendants negligently inflicted emotional distress on minor plaintiff or her father.  To the extent that factual averments may be pleaded, Answering Defendants' incorporate herein by reference

their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein.  Furthermore, upon information and belief, Gerald C. was not an eye witness to the contemporaneous events complained of and accordingly, cannot state a claim or cause of action for negligent infliction of emotional distress.  It is specifically denied that Answering Defendants negligently hired, supervised or retained any employees.  On the contrary, all necessary and appropriate background checks  were performed on Mr. Steach without any adverse information being obtained.  Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities would occur.  Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable laws, regulations, and standards of care..  Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

63.    Denied.  Darrell Steach's acts were done outside the course and scope of any employment or authority of Answering Defendants and are not imputable to Answering Defendants.  To the extent that factual averments may be pleaded, Answering Defendants' incorporate herein by reference their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein.  It is specifically denied that Answering Defendants negligently hired, supervised or retained any employees.  On the contrary, all necessary and appropriate background checks  were performed on Mr. Steach without any adverse information being obtained.  Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities would occur.  Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures,

in accordance with all applicable laws, regulations, and standards of care..  Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

64.     Denied.  Darrell Steach's  acts were done outside the course and scope of any employment or authority of Answering Defendants and are not imputable to Answering Defendants.  To the extent that factual averments may be pleaded, Answering Defendants' incorporate herein by reference their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein.  It is specifically denied that Answering Defendants negligently hired, supervised or retained any employees.  On the contrary, all necessary and appropriate background checks  were performed on Mr. Steach without any adverse information being obtained.  Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities  would occur.  Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable laws, regulations, and standards of care.  Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

65.     DENIED.  It is specifically denied that Answering Defendants negligently hired, supervised or retained any employees.  On the contrary, all necessary and appropriate background checks  were performed on Mr. Steach without any adverse information being obtained.  Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities would occur.  Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable

-- 14 --

laws, regulations, and standards of care.  Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.  To the extent that factual averments may be pleaded in sub-paragraphs a, b, c, d, e, f, g, h, i, j and k,  Answering Defendants deny same and incorporate herein by reference their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein

66.    DENIED.  It is specifically averred that Answering Defendants acted appropriately under the circumstances with regard to the operation and training of their employees and personnel and the implementation of appropriate policies and procedures.  To the extent that factual averments may be pleaded, the same are denied and Answering Defendants incorporate herein by reference their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein.  It is specifically denied that Answering Defendants negligently hired, supervised or retained any employees.  On the contrary, all necessary and appropriate background checks  were performed on Mr. Steach without any adverse information being obtained. Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities would occur.  Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable laws, regulations, and standards of care. Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

67.    DENIED.  It is specifically denied that Answering Defendants were negligent.  To the extent that factual averments may be pleaded, the same are denied and Answering Defendants' incorporate herein by reference their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein.  It

is specifically denied that Answering Defendants negligently hired, supervised or retained any employees. On the contrary, all necessary and appropriate background checks were performed on Mr. Steach without any adverse information being obtained. Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities would occur. Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable laws, regulations, and standards of care. Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

68.    DENIED. It is specifically denied that Answering Defendants were negligent. To the extent that factual averments may be pleaded, the same are denied and Answering Defendants' incorporate herein by reference their answers to paragraphs 1-56 of the complaint, as fully as though the same were set forth herein. It is specifically denied that Answering Defendants negligently hired, supervised or retained any employees. On the contrary, all necessary and appropriate background checks were performed on Mr. Steach without any adverse information being obtained. Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities would occur. Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable laws, regulations, and standards of care. Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

WHEREFORE, defendants VISIONQUEST, LTD., VISIONQUEST NATIONAL, LTD, VISIONQUEST LODGEMAKERS, INC. and VISIONQUEST NONPROFIT CORPORATION demand judgment in their favor and against Plaintiffs in the above-captioned matter.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim or cause of action for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim or cause of action for which relief can be granted  for an alleged violation of the Civil Rights Act of 1871, *42 U.S.C. § 1983*, since Answering Defendants did not "act under color of state law" at any time such as to subject them to liability.  Furthermore, Answering Defendants did not violate Plaintiffs' rights in any way.

## THIRD AFFIRMATIVE DEFENSE

Answering Defendants have absolute immunity .

## FOURTH  AFFIRMATIVE DEFENSE

Answering Defendants have qualified immunity.

## FIFTH  AFFIRMATIVE DEFENSE

Answering Defendants are not vicariously liable.

## SIXTH  AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

## SEVENTH  AFFIRMATIVE DEFENSE

Answering Defendants are not subject to punitive damages under the pleaded causes of action.

## EIGHTH  AFFIRMATIVE DEFENSE

Answering Defendants are not subject to injunctive relief under the pleaded causes of action.

## NINTH  AFFIRMATIVE DEFENSE

Answering Defendants are not subject to declaratory relief under the pleaded causes of action.

## TENTH  AFFIRMATIVE DEFENSE

The Court should refrain from granting § 1983 relief because there is an adequate legal remedy under state law.

## ELEVENTH  AFFIRMATIVE DEFENSE

This Court should not exercise "pendent jurisdiction" over alleged violation of state law causes of action where plaintiffs cannot sustain a cause of action under Federal question jurisdiction.

## TWELFTH  AFFIRMATIVE DEFENSE

Father plaintiff, Gerald C., cannot state a claim or cause of action for negligent infliction of emotional distress as he was not an eye witness to any of the events described in the Complaint which allegedly form the foundation of the plaintiffs' cause of action.

## THIRTEENTH  AFFIRMATIVE DEFENSE

Darrell Steach's acts were performed outside the course and scope of any employment or authorization by Answering Defendants and, accordingly, are not imputable to Answering Defendants.

### FOURTEENTH  AFFIRMATIVE DEFENSE

All or some of the claims or causes of action in Plaintiffs' Complaint are barred and/or are to be reduced by virtue of the terms and provisions of the Pennsylvania Comparative Negligence Act.  The terms of said Act are incorporated by reference herein as fully as if same were here set forth at length.

### FIFTEENTH AFFIRMATIVE DEFENSE

No acts or alleged omissions on the part of Answering Defendants were conducted in a willful or grossly negligent manner, or rise to the level of conduct necessary to support an award of punitive damages against Answering Defendants, and accordingly, Plaintiffs cannot state a claim or cause of action against Answering Defendants to support an award of punitive damages.

### SIXTEENTH  AFFIRMATIVE DEFENSE

Plaintiffs cannot state a claim for the awarding of costs, expert witness fees or counsel fees under the circumstances of this matter.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Mental Health Procedures Act does not state a private cause of action for violation of its provisions.

### EIGHTEENTH  AFFIRMATIVE DEFENSE

The Pennsylvania Juevenile Act does not state a private cause of action for violation of its provisions.

### NINETEENTH AFFIRMATIVE DEFENSE

The count for sexual battery against Darrel Steach is not imputable to Answering Defendants.

## TWENTIETH  AFFIRMATIVE  DEFENSE

Natasha C.  assumed the risk of her actions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

All necessary and appropriate background checks  were performed on Darrell Steach without any adverse information being obtained.  Additionally, no action during the course of his employment presented any reasonable notification that the alleged activities would occur.  Answering Defendants specifically aver that they acted appropriately at all times with respect to the selection, training and retention of employees and the promulgation of appropriate and adequate rules and procedures, in accordance with all applicable laws, regulations, and standards of care.  Answering Defendants had no notice of nor reason to believe their procedures or policies were inappropriate under the circumstances.

WHEREFORE, defendants VISIONQUEST, LTD., VISIONQUEST NATIONAL, LTD,  VISIONQUEST LODGEMAKERS, INC. and VISIONQUEST NONPROFIT CORPORATION, demand judgment in their favor and against Plaintiffs in the above-captioned matter.

MARGOLIS EDELSTEIN

By: _____
              Jonathan D. Herbst
_____     I.D. #09415
              Counsel for Defendants
              VISIONQUEST, LTD.,
              VISIONQUEST NATIONAL, LTD
              VISIONQUEST LODGEMAKERS, INC. and
              VISIONQUEST NONPROFIT CORPORATION

## CERTIFICATION OF SERVICE

I hereby certify that true and correct copies of the foregoing **ANSWER OF DEFENDANTS VISIONQUEST, LTD., VISIONQUEST NATIONAL, LTD., VISIONQUEST LODGEMAKERS, INC. AND VISIONQUEST NONPROFIT CORPORATION TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES** is being forwarded by First Class U.S. Mail, postage prepaid, to the following counsel and party:

Samuel H. Clark, Esquire
HOLSINGER, CLARK & ARMSTRONG, P.C.
832 Philadelphia Street
Indiana, PA   15701

Kelly B. Stapleton, Esquire
STAPLETON & STAPLETON
832 Philadelphia Street
Indiana, PA   15701

Mr.  Darrell Steach
10959 Mountain Road
Orrstown, PA 17244


_____
**JONATHAN D. HERBST**


DATE:_____